U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC - 3 2012

CLERK, U.S. DISTRICT COURT
By _____
                Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ROCKY MOUNTAIN CHOPPERS, LLC,    §
                                 §
          Plaintiff,             §
                                 §
VS.                              §    NO. 4:12-CV-353-A
                                 §
TEXTRON FINANCIAL CORP.,         §
                                 §
          Defendant.             §

MEMORANDUM OPINION
AND
ORDER

Before the court for decision is the motion of defendant,
Textron Financial Corp. ("Textron"), to dismiss.  After having
considered such motion, the response of plaintiff, Rocky Mountain
Choppers, LLC, ("RMC"), thereto, the complaint, other items
proper to be considered on a Rule 12(b)(6) motion to dismiss, and
pertinent legal authorities, the court has concluded that such
motion has merit and should be granted.

I.

The Grounds of the Motion

Textron asserts in its motion two grounds for dismissal. The
first is that the complaint fails to state a claim upon which
relief can be granted because the complaint discloses on its
face, when considered together with papers in other actions that
have pended on the docket of this court, that all claims and
causes of action asserted by RMC against Textron are barred by

the doctrine of res judicata.  The second is that the complaint
fails to satisfy the pleading requirements of Rule 9(b) of the
Federal Rules of Civil Procedure.  Included in the motion is a
request that the court exercise its inherent power to impose
sanctions for abusive litigation practices on the part of Scott
Meyers and Susan Meyers (the "Meyerses"), who are the owners and
managers of RMC, and counsel for RMC and the Meyerses, Cynthia W.
Cole ("Cole").

The principle bases for the res judicata ground are rulings
made by this court against the Meyerses in favor of Textron in a
memorandum opinion and order and final judgment entered on
October 4, 2011, in Case No. 4:11-CV-624-A on the undersigned's
docket.  Textron argues that there is no substantive difference
between the claims and causes of action asserted by RMC, through
its owners, the Meyerses, against Textron in the instant action,
and the claims and causes of action that were asserted by the
Meyerses against Textron in Case No. 4:11-CV-624-A that were
dismissed with prejudice on October 4, 2011, with the consequence
that, because of the privity existing between the Meyerses and
RMC, RMC is barred by the doctrine of res judicata from pursuing
the instant action.

II.

Analysis

The court has concluded that each of the grounds of
Textron's motion has merit, and each provides an independent,
self-sufficient reason for dismissal of RMC's complaint.

A.   The Res Judicata Ground

1.   Pertinent *Res Judicata* Principles:

Under the law of the Fifth Circuit, "res judicata [] is the
venerable legal canon that insures the finality of judgments and
thereby conserves judicial resources and protects litigants from
multiple lawsuits." Procter & Gamble Co. v. Amway Corp., 376
F.3d 496, 499 (5th Cir. 2004) (quoting United States v. Shanbaum,
10 F.3d 305 (5th Cir. 1994)) (internal quotation marks omitted).
"Under res judicata, a final judgment on the merits of an action
precludes the parties or their privies from relitigating issues
that were or could have been raised in that action." Oreck
Direct, LLC v. Dyson, Inc., 560 F.3d 398, 401 (5th Cir. 2009)
(quoting Allen v. McCurry, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L.
Ed. 2d 308 (1980)) (internal quotation marks omitted). "Federal
law determines the res judicata effect of a prior federal court
judgment." Robinson v. Nat'l Cash Register Co., 808 F.2d 1119,
1124 (5th Cir. 1987).

For there to be a viable res judicata defense, four elements must be established:  (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions.  Procter & Gamble Co., 376 F.3d at 499.  If the four elements of res judicata exist, all claims arising from the "common nucleus of operative facts" are barred by res judicata.  Id. (citing Agilectric Power Partners, Ltd. v. Gen. Elec. Co., 20 F.3d 663 (5th Cir. 1994)).

2.   All Four Elements Have Been Established Without Dispute

When the four-element test articulated by the Fifth Circuit for applicability of res judicata is applied to the established facts related to the instant action, it is apparent that res judicata applies to prevent assertion by RMC of the claims it has made against Textron in this action.

The parties in the two actions are identical or in privity in the sense contemplated by the Fifth Circuit as to the first element of the four-part test.  Textron is the only defendant in each action.  RMC alleges in its complaint that it is "an entity owned by Scott and Susan Meyers."  Compl. at 2.  Also in the record are (a) a business entity search of the records of the

4

Montana Secretary of State showing that the Meyerses are the sole managers or members of RMC, Mot. App. at 161-163, and (b) a stipulation by RMC in its response that the Meyerses owned RMC and were RMC's sole members and managers with full authority to exercise RMC's powers and bring or defend claims on RMC's behalf, Mot. at 2-3; Resp. at 2, ¶ 2.  As the owners of RMC and the persons with full authority to exercise the powers of RMC, privity exists between Meyerses and RMC for <u>res judicata</u> purposes.[1]  <u>See</u> <u>Drier v. Tarpon Oil Co.</u>, 522 F.2d 199, 200 (5th Cir. 1975).  Not only that, the record establishes without dispute that the Meyerses controlled the instant action as well as the Case No. 4:11-CV-624-A litigation; and, it is apparent that, to whatever extent RMC has a legitimate interest in the claims and causes of action alleged in the instant action, RMC's interests in those claims and causes of action were adequately represented by the Meyerses in Case No. 4:11-CV-624-A.  <u>See</u> <u>Meza v. Gen. Battery Corp.</u>, 908 F.2d 1262, 1266 (5th Cir. 1990).

The second and third elements of the Fifth Circuit's four-part <u>res judicata</u> test are satisfied by the memorandum opinion and order and final judgment of October 4, 2011, in Case No.

---

[1]Contrary to the arguments made by plaintiff that a limited liability corporation such as RMC should be treated the same as an ordinary corporation, the Fifth Circuit has specifically held that for some purposes an LLC should not be treated as a corporation.  <u>See</u> <u>Harvey v. Grey Wolf Drilling Co.</u>, 342 F.3d 1077, 1080 (5th Cir. 2008).  However, even if RMC were to be treated as an ordinary corporation, the outcome would be the same in the instant action.

4:11-CV-624-A, of which the court takes judicial notice.  This
court was a court of competent jurisdiction to render the prior
judgment, which was a final judgment on the merits by which all
claims and causes of action asserted in Case No. 4:11-CV-624-A by
the Meyerses against Textron were dismissed with prejudice.  See
United States v. Parker, 120 U.S. 89, 94-95 (1887); Brooks v.
Raymond Dugat Co., 336 F.3d 360, 362 (5th Cir. 2003).

A comparison of the allegations made by the Meyerses in
their petition in intervention against Textron that led to the
October 4, 2011 memorandum opinion and order and final judgment
in Case No. 4:11-CV-624-A with the allegations made in the
instant action discloses that the fourth and final element of the
Fifth Circuit's four-part test has been satisfied.  The two
actions are based on the same "nucleus of operative facts."  See
Eubanks v. FDIC, 977 F.2d 166, 171 (5th Cir. 1992).  When the
court analyzes "the factual predicates of the claims asserted,"
id., they are seen to be identical in all significant respects in
the two actions.

Broad claims were asserted against Textron in Case No. 4:11-
CV-624-A based on the same set of facts upon which the claims in
the instant action are based, including, but not limited to, the
same alleged loan, the same acquisition of assets, and the same
alleged misrepresentation.  The difference between the two

6

complaints, for the most part, is nothing more than a
substitution of the name RMC in the instant action for the names
of the Meyerses in the prior action.  An example is seen by a
comparison of the allegations of paragraph 7 in the pleading the
court dismissed on October 4, 2011, in Case No. 4:11-CV-624-A
with the allegations in paragraph 6 of the pleading by which the
Meyerses, in the name of RMC, instituted the instant action.  In
the first pleading, the allegations were made that:

> 7.   By the time AIMC was forced into its
> bankruptcy proceeding, Textron was determined to exit
> the asset based lending industry and as such, had a
> need to reduce its exposure related to the AIMC loan
> and the Textron Inventory.  In order to reduce the loss
> associated with the AIMC transaction, it was imperative
> that Textron locate a party to infuse enough cash to
> keep the American IronHorse® brand alive while it
> liquidated its inventory of AIMC motorcycles.  Scott
> and Susan Meyers were the victims chose to fund
> Textron's exit.

Meyerses' First Am. Pet. in Intervention at 3, ¶ 7 (docket entry
102, Adversary No. 09-04212-rfn) (emphasis added).[2]  In contrast,
the complaint by which the instant action was initiated says
exactly the same thing in its paragraph 6 except for the change
in the last sentence, this time alleging that RMC, an entity

---

[2]Case No. 4:11-CV-624-A was the same action as Adversary No. 09-04212-rfn, which was docketed in this court as No. 4:11-CV-624-A after reference to the bankruptcy court was withdrawn.

owned by the Meyerses, was the victim instead of alleging, as

before, that the Meyerses were the victims:

>     6.    By the time AIMC was forced into its
> bankruptcy proceeding, Textron was determined to exit
> the asset based lending industry and as such, had a
> need to reduce its exposure related to the AIMC loan
> and the Textron Motorcycle Inventory.  In order to
> reduce the loss associated with the AIMC transaction,
> it was imperative that Textron locate a party to infuse
> enough cash to keep the American IronHorse® brand alive
> while it liquidated its inventory of AIMC motorcycles.
> <u>Rocky Mountain Choppers, LLC, an entity owned by Scott
> and Susan Meyers, ultimately funded Textron's exit</u>.

Compl. at 2, ¶ 6 (emphasis added).[3]

RMC's main theory for avoidance of the <u>res judicata</u> defense

is the proposition that "[g]enerally a res judicata contention

cannot be brought in a motion to dismiss; it must be pleaded as

an affirmative defense and moved on in a motion for summary

judgment," with dicta in <u>Lonatro v. New Orleans Levy Dist.</u>, 809

F. Supp. 2d 512, 518 (E.D. La. 2011), cited in support of that

---

[3]At the March 7, 2011 hearing before Bankruptcy Judge Russell F. Nelms in Adversary No. 09-04212-rfn, the Meyerses, acting through Cole, attributed the "funding" to yet another entity, representing to the bankruptcy court that "the funding of the acquisition was by [AIH Acquisitions, LLC]." Tr. of Mar. 7, 2011 Hrg. in Adversary No. 09-04212-rfn (docket entry 136) at 3. AIH Acquisition, LLC was an entity wholly owned and operated by the Meyerses. The following allegation was made against Textron in a complaint it filed in Adversary No. 09-04212-rfn in June 2010:

> 7.   Faced with these severe financial difficulties and bleak business prospects for AIMC,
> Textron needed a new investor and purchaser for AIMC's assets to buoy Textron's
> financial investment in the motorcycle market.  [AIH Acquisitions, LLC] and its
> principals [the Meyerses] became the focus and target of this effort and, ultimately,
> Textron's frauds and other wrongful conduct.

Pl.'s First Am. Compl. in Adversary No. 09-04212-rfn (docket entry 30) at 4, ¶ 7. These inconsistent assertions of the Meyerses provide a degree of substantiation of the privity that existed between the Meyerses and whichever entity they choose to put forward as the "funding" entity.

proposition.  Resp. at 6.  Language used in the <u>Lonatro</u> decision upon which RMC relies is inconsistent with the direct holding of the Fifth Circuit in <u>Larter & Sons v. Dinkler Hotels Co.</u>, 199 F.2d 854, 855 (5th Cir. 1952), that the issue of <u>res judicata</u> is properly raised by a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.[4]  In <u>Larter & Sons</u>, the Fifth Circuit explained:

> With respect to a specific affirmative defense such as <u>res judicata</u>, the rule seems to be that if the facts are admitted or are not controverted or are conclusively established so that nothing further can be developed by a trial of the issue, the matter may be disposed of upon a motion to dismiss whether the decision of the District Court be considered as having been arrived at under the provisions of Rule 12(b)(6) or Rule 56(c), F.R.C.P., 28 U.S.C.A.

<u>Id.</u>

In the instant action, the facts essential to the defense of <u>res judicata</u> "are admitted or are not controverted or are conclusively established so that nothing further can be developed by a trial of the issue." <u>Id.</u>  The fact that the parties are identical or are in privity is established by the allegation in

---

[4]The holding of the Fifth Circuit in <u>Larter & Sons</u> finds support in decisions from other circuits. <u>See</u>, <u>e.g.</u>, <u>Williams v. Murdoch</u>, 330 F.2d 745, 749 (3d Cir. 1964); <u>Southard v. Southard</u>, 305 F.2d 730, 732 & n.1 (2d Cir. 1962); <u>Skinner v. Chapman</u>, 489 F. Supp. 2d 298, 302 (W.D.N.Y. 2007); <u>Houbigant, Inc. v. Dev. Specialists, Inc.</u>, 229 F. Supp. 2d 208, 220 (S.D.N.Y. 2002) ("[t]hough <u>res judicata</u> is usually plead in an answer, a Rule 12(b)(6) dismissal on the basis of the doctrine is appropriate when it is clear, from the complaint and other matters of which the court takes judicial notice, that plaintiff's claims are barred as a matter of law"); <u>Inofast Mfg., Inc. v. Bardsley</u>, 103 F. Supp. 2d 847, 849 (E.D. Pa. 2000), <u>affirmed</u> 265 F.3d 1055 (3d Cir. 2001). ("[r]es judicata, although an affirmative defense, may be raised by motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).")

the complaint that RMC is an entity owned by the Meyerses, who were the unsuccessful litigants in the earlier litigation (Compl. at 2, ¶ 6); by stipulation made by RMC in its response (Resp. at 2, ¶ 2; Mot. at 2); and, by the official record of the State of Montana (Mot. App. at 39-41).  The second element of the res judicata test is beyond dispute because this court, a court of competent jurisdiction, rendered the October 4, 2011 memorandum opinion and order and final judgment in the earlier Case No. 4:11-CV-624-A.  The third element is equally beyond controversy inasmuch as the record establishes without dispute that the October 4, 2011 memorandum opinion and order and final judgment concluded the prior action--the claims and causes of action asserted by the Meyerses against Textron in that action were dismissed with prejudice.  Mot. App. at 211.  The fourth element is beyond dispute inasmuch as a comparison of the text of the first amended petition in intervention in the prior action, id. at 142, with the text of the instant complaint discloses that they assert claims and causes of action arising from a common nucleus of operative facts.

To bolster its reliance on the Lonatro opinion, RMC cites, parenthetically, footnotes in two Fifth Circuit opinions, Test Masters Educ. Serv., Inc. v. Singh, 428 F.3d 559, 570 n.2 (5th Cir. 2005) and Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir.

1995).  Resp. at 6.  Neither of those Fifth Circuit opinions purports to modify the law of the Fifth Circuit as established by the Larter & Sons decision discussed above, nor does either of the footnotes purport to stand for the proposition that, under Fifth Circuit law, res judicata cannot be raised, and presented to the court for decision, for the first time by a motion to dismiss for failure to state a claim--in other words, a Rule 12(b)(6) motion.

The footnote in Davis upon which RMC relies states in its entirety as follows:

> Although not raised by the parties, we note that the district court did not err by dismissing pursuant to rule 12(b)(6) rather than treating the motion as one for summary judgment.  Federal courts are permitted to refer to matters of public record when deciding a 12(b)(6) motion to dismiss.  Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).  Further, the presence of affidavits in the record that were not relied upon by the district court does not convert the motion to dismiss into one for summary judgment.  Ware v. Associated Milk Producers, Inc., 614 F.2d 413, 415 (5th Cir. 1980).

Davis, 70 F.3d at 372 n.3.  That footnote supports reliance by Textron on a Rule 12(b)(6) motion for a summary disposition of RMC's claims and causes of action in this action because it confirms the propriety of this court referring to matters of public record when deciding the 12(b)(6) motion; and, the fact that things other than matters of public record were included by

11

both parties in their respective appendices does not convert the motion to dismiss into one for summary judgment.

The Singh footnote on which RMC relies does contain language consistent with an argument made by RMC, but the footnote is pure dicta inasmuch as the ultimate holding in Singh was that the motion seeking summary disposition on the basis of res judicata properly proceeded as a Rule 12(b)(6) motion.  Singh, 428 F.3d at 570 n.2.  Nothing in Singh remotely suggests that the deciding Fifth Circuit panel was purporting to change the Fifth Circuit law established by Larter & Sons.

The court adds that even if the ruling on the res judicata issue should be by summary judgment rather than a Rule 12(b)(6) motion to dismiss, there is no reason why the court could not make a res judicata ruling at this time.  RMC treated the res judicata issue raised by Textron's motion to dismiss as if it were being raised in a summary judgment context by responding with what appears to be all evidence RMC could muster up in opposition to the merits of the res judicata defense (see the contents of the 246-page appendix filed by RMC in response to the motion to dismiss), and, in addition, presented in its response to Textron's motion vigorous argument as to why the res judicata feature of the motion lacked factual and legal basis (Resp. at 7-10).

12

B.   <u>The Rule 9(b) Pleading Requirements Have Not Been Met</u>

    1.   <u>The Fifth Circuit's Interpretation of the Rule 9(b)</u>
        <u>Pleading Requirements</u>

    Rule 9(b) of the Federal Rules of Civil Procedure, provides
that "[i]n alleging fraud . . ., a party must state with
particularity the circumstances constituting fraud . . . ."
Defendant contends as a ground of its motion to dismiss that
plaintiffs' pleading fails to satisfy the particularity
requirements of Rule 9(b).  A dismissal for failure to plead
fraud with particularity under Rule 9(b) is considered to be a
dismissal for failure to state a claim upon which relief can be
granted.  <u>See Lovelace v. Software Spectrum, Inc.</u>, 78 F.3d 1015,
1017 (5th Cir. 1996).

    Under Fifth Circuit law, Rule 9(b) requires, at a minimum,
that a plaintiff set forth in the complaint the "who, what, when,
where, and how" of the alleged fraud.  <u>United States ex rel.</u>
<u>Williams v. Bell Helicopter Textron</u>, 417 F.3d 450, 453 (5th Cir.
2005) (internal quotation marks omitted).  The particularity
requirements of Rule 9(b) "requir[e] a plaintiff pleading fraud
to specify the statements contended to be fraudulent, identify
the speaker, state when and where the statements were made, and
explain why the statements were fraudulent."  <u>Herrmann Holdings,</u>
<u>Ltd. v. Lucent Techs., Inc.</u>, 302 F.3d 552, 564-65 (5th Cir. 2002)

(internal quotation marks omitted).   In "Pleading fraud with particularity in this circuit requires time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby."   Williams v. WMX Techs., Inc., 112 F.3d 175, 177 (5th Cir. 1997) (internal quotation marks omitted).

The requirement that the identity of the person allegedly making the misrepresentation be alleged means that the bare allegation that a corporation made a misrepresentation is not sufficient.   See 7-Eleven Inc. v. Puerto Rico-7 Inc., No. 3:08-CV-140-B, 2008 WL 4951502, at *4 (N.D. Tex. Nov. 19, 2008).

As was true with the pleading to which this court's October 4, 2011 memorandum opinion and order and final judgment were directed in Case No. 4:11-CV-624-A, the complaint in the instant action contains virtually none of the specificity so clearly mandated by the Fifth Circuit's interpretation and application of Rule 9(b).   RMC argues that allegations it put in its complaint in the instant action cured at least some of the pleading defects that existed in the pleading to which this court's October 4, 2011 rulings were directed.   The allegedly curative allegations are enumerated in RMC's response, Resp. at 5, and are highlighted in a copy of the complaint that is included in the appendix to the response, Resp. App. at 211-223.

14

The court does not agree with RMC that it has fixed the pleading deficiencies. For example, in the new paragraph 12, the allegation is that "Textron provided false and misleading information to RMC and withheld other information from RMC...." Id. at 214, ¶ 12. This is but one of the inadequate allegations that a corporation made a misrepresentation. The statement in the final sentence of that same paragraph that certain individuals acknowledged certain things is typical, but it is not an allegation establishing any of the essential specifics.[5] The same is true of the other highlighted allegations.

Plaintiff's noncompliance with the Rule 9(b) particularity requirements provides an alternative reason why Textron's motion to dismiss has merit.

### III.

### The Court is Severing Out Textron's Request for Payment of Its Attorney's Fees

Textron included in its motion to dismiss a request for payment by Meyerses and Cole of the attorney's fees Textron has incurred in responding to vexatious actions taken by the Meyerses and Cole. Textron's request for payment of attorney's fees

---

[5]Allegations that merely state things that persons connected with Textron "acknowledged" or "admitted" or "confirmed" certain things (Compl. at 4, ¶ 12; 5, ¶¶ 13 & 15; 7, ¶ 22) do not constitute allegations of time, place, or contents of false representations or of the identity of the person who made the representations.

appears to overlap to some extent issues raised by the motion for
sanctions pursuant to Rule 11 of the Federal Rules of Civil
Procedure that Textron filed in this action on August 29, 2012.

The motion for Rule 11 sanctions was severed by the
September 26, 2012 Order of Dismissal and Severance into a
separate miscellaneous action carried on the docket of this court
as Case No. 4:12-MC-015-A, styled "In Re Motion for Sanctions
Against Scott Meyers, Susan Meyers, and Cynthia Cole of Bell
Nunnally & Martin LLP."  The court has concluded that the request
made by Textron in its motion to dismiss for payment by the
Meyerses and Cole of its reasonable attorney's fees and expenses
in responding to the complaint in the instant action should be
severed from the claims made by RMC against Textron in this
action, and that the severed claim should become a part of Case
No. 4:12-MC-015-A to be resolved and prosecuted along with
Textron's Rule 11 motion for sanctions in that miscellaneous
action.  Once that severance has occurred, all claims and causes
of action asserted in this Case No. 4:12-CV-353-A will be
resolved by this memorandum opinion and order and its
contemporaneously signed final judgment.

IV.

Order

For the reasons given above,

The court ORDERS that the request made by Textron in its motion to dismiss for payment by the Meyerses and Cole of its reasonable attorney's fees and expenses incurred in responding to the complaint in the instant action be, and is hereby, severed from the claims made by RMC against Textron in this action and that the severed claim for reasonable attorney's fees and expenses become a part of Case No. 4:12-MC-015-A to be prosecuted and resolved in that miscellaneous action.

The court further ORDERS that Textron's motion to dismiss be granted for each of the reasons given above.

The court further ORDERS that all claims and causes of action asserted in this Case No. 4:12-CV-353-A by RMC against Textron be, and are hereby, dismissed with prejudice.

SIGNED December 3, 2012.

JOHN McBRYDE
United States District Judge

17